**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDGAR ROVIDIO ORTEGA-SANCHEZ, a.k.a. Edgar Rovidio Ortega, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 07-74313 <br><br> Agency No. A078-462-913 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Edgar Rovidio Ortega-Sanchez, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, and protection under the Convention Against

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and de novo due process claims, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir. 2001).  We deny the petition for review.

The record does not compel the conclusion that changed or extraordinary circumstances excused Ortega-Sanchez's untimely filed asylum application.  *See* 8 C.F.R. § 1208.4(a)(4), (5); *Ramadan v. Gonzales*, 479 F.3d 646, 656-58 (9th Cir. 2007) (per curiam).  Accordingly, Ortega-Sanchez's asylum claim fails.  In light of this conclusion, we deny Ortega-Sanchez's motion to file a supplemental brief.

Substantial evidence supports the agency's finding that Ortega-Sanchez failed to establish past persecution because the record does not compel the conclusion that the deaths of his friend and family members were connected to him, *see Wakkary v. Holder*, 558 F.3d at 1060 (requiring that persecution against friends or family members be "part of a pattern of persecution closely tied to the petitioner") (internal quotations and citation omitted), and any threats he received did not rise to the level of persecution, *see Lim v. INS*, 224 F.3d 929, 936-37 (9th Cir. 2000).  Further, Ortega Sanchez failed to demonstrate sufficient individualized risk of future persecution to show a clear probability of future persecution.  *See Wakkary*, 558 F.3d at 1066 ("An applicant for withholding of removal will need to

07-74313

adduce a considerably larger quantum of individualized-risk to prevail.").

Accordingly, substantial evidence supports the agency's denial of Ortega

Sanchez's withholding of removal claim. *See Hoxha v. Ashcroft,* 319 F.3d 1179,

1185 (9th Cir. 2003).

Substantial evidence supports the agency's denial of Ortega-Sanchez's CAT

claim because he did not establish it is more likely than not that he will be tortured

if returned to Guatemala. *See Wakkary*, 558 F.3d at 1067-68.

Ortega-Sanchez contends his due process rights were violated because the IJ

employed an incorrect standard in denying his withholding of removal claim. We

reject this contention because it is belied by the record. *See Lata v. INS*, 204 F.3d

1241, 1246 (9th Cir. 2000) (requiring error and prejudice for a petitioner to prevail

on a due process claim).

Finally, we deny Ortega-Sanchez's motion to take administrative notice of

the 2008 State Department Report. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir.

1996) (en banc).

**PETITION FOR REVIEW DENIED.**

07-74313